# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLERRE C. PERRY,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>G. J. JANDA,<br><br>　　　　　Respondent. | CASE NO. 12cv2512-LAB (JMA)<br><br>**ORDER DENYING MOTIONS FOR DISCOVERY, TO EXPAND THE RECORD, FOR AN EVIDENTIARY HEARING, AND FOR APPOINTMENT OF COUNSEL; AND**<br><br>**ORDER REQUIRING NEW REPORT AND RECOMMENDATION** |

After Petitioner Tylerre Perry filed his petition pursuant to 28 U.S.C. § 2254, this matter was referred to Magistrate Judge Jan Adler for report and recommendation. On October 3, 2013, Judge Adler issued his report and recommendation, recommending that the writ be denied. After several extensions of time to file objections, Perry in late December filed five motions, seeking discovery, an expansion of the record, an evidentiary hearing, appointment of counsel, and "reconsideration." The motion for reconsideration is in fact a motion for leave to amend the petition.

The first four motions all pertain to evidence Perry would like to obtain, which he thinks would cast doubt on his conviction. The Court's review, however, is limited to the record before the state court. *Cullen v . Pinholster*, 131 S.Ct. 1388, 1399 (2011). Furthermore, the evidence Perry's discovery motion describes could have been discovered

with reasonable diligence no later than 2006, when Perry was tried and convicted. Furthermore, the motion makes clear Perry does not know what the discovery might uncover, or how it might be helpful to him. And even if Perry obtained the evidence now, it could not serve as a basis for habeas relief merely because it might cast doubt on some of the evidence presented at trial, as he argues.  Because Perry is not entitled to discovery, he is also not entitled to a hearing at which he can present whatever evidence he might discover, nor admission of any such evidence into the record. Nor is he entitled to appointed counsel to assist him with discovery and the hearing. The first four motions (Docket nos. 16, 17, 18, and 19) are therefore **DENIED**.

Perry also seeks to amend his petition, because he says he initially did a poor job of researching and presenting his arguments. He has attached a proposed amended petition to his motion. Under 28 U.S.C. § 636(c), after a magistrate judge issues a report and recommendation, a district judge is empowered to recommit the matter to the magistrate judge with instructions. In order to give Perry a full opportunity to develop his arguments, the Court will exercise this option.

In view of Perry's proposal to amend the petition, the current report and recommendation (Docket no. 9) is insufficient and the matter is recommitted to Judge Adler for a new report and recommendation, addressing whether Perry would be entitled to relief under either the original petition or his proposed amended petition. In discussing the original petition, Judge Adler may rely on analysis from his original report and recommendation, or alter it as he sees fit.  If Judge Adler determines the proposed amendments would be futile, the new report and recommendation should explain why. The new report and recommendation should include a recommendation as to whether leave to amend should be granted.

/ / /

/ / /

/ / /

/ / /

1 | Perry's objections to the original report and recommendation are **OVERRULED AS**
2 | **MOOT**.
3 |     **IT IS SO ORDERED**.
4 | DATED: January 8, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge