# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLERRE C. PERRY,<br><br>               Petitioner,<br>vs.<br><br>G. J. JANDA,<br><br>               Respondent. | CASE NO. 12cv2512-LAB (JMA)<br><br>**ORDER DENYING MOTIONS FOR RECONSIDERATION; AND**<br><br>**ORDER DENYING MOTION FOR LEAVE TO PROCEED** *IN FORMA PAUPERIS* **ON APPEAL**<br><br>**[DOCKET NUMBERS 31, 32, 33**.] |

On August 18, 2014, the Court denied the petition for writ of habeas corpus, and also denied a certificate of appealability. On September 11, Petitioner filed a notice of appeal, as well as a motion for issuance of a certificate of appealability, a motion for leave to proceed *in forma pauperis* on appeal, and a motion for clarification of the Court's order (Docket nos. 31, 32, and 33, respectively). The Court construes the motion for a certificate of appealability as a motion for reconsideration of the denial of certificate of appealability, and the motion to clarify the Court's denial of habeas as a motion to reconsider pursuant to Fed. R. Civ. P. 60.

**Motion for Reconsideration of Denial of Certificate of Appealability**

The Court's order denying the petition explained why the applicable standards for habeas relief were far from being met. To summarize, the Court's ruling was driven by the

standard of review required under AEDPA. Even if this Court or another court might have made a different ruling in the first instance, the state courts' determinations are entitled to deference.

The state courts held that, beyond a reasonable doubt, even if any *Doyle* error occurred, it was harmless beyond a reasonable doubt. Under *Cudjo v. Ayers*, 698 F.3d 752, 678 (9th Cir. 2012), federal courts must deter to this determination unless it was unreasonable. Even if reasonable jurists might have reached a different conclusion about whether the *Doyle* error (if any) was harmless, reasonable jurists would not find the state court's determination unreasonable. But more than that, the state courts held that no *Doyle* error occurred, because no invocation by Perry of his right to remain silent was admitted at trial. The state courts rejected Petitioner's argument that the trial court erred in admitting other statements made in connection with what Perry argues were invocations of his right to remain silent.[1] This argument was based on *United States v. Bushyhead*, 270 F.3d 905, 912 (9th Cir. 2001), finding it both inapplicable to the facts of Perry's case, and unpersuasive. Because *Bushyhead* is not ""clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d). The fact that *Bushyhead* cites and interprets Supreme Court precedent does not change this.

These were the only issues in the magistrate judge's report and recommendation that Perry filed any objections to, and they are they only Perry seeks to appeal. The standard for issuance of a certificate of appealability, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), is not met. There is no basis for reconsideration of the denial of a certificate of appealability, and the motion is therefore **DENIED**.

**Fed. R. Civ. P. 60 Motion**

Perry asks for "clarity for the issues that were overlooked by the Court," and asks for "the Court's opinion and ruling" as to three issues: his *Doyle* claim, his reliance on

//

---

[1] The state courts held these remarks were made voluntarily and not in response to questioning, and this determination is both reasonable and entitled to deference.

*Wainwright v. Greenfield*, 474 U.S. 284 (1986), and his discovery motion filed May 21, 2014. He asks the Court to explain why, in light of these, his petition was denied.

The *Doyle* claim was ruled on in the Court's order denying the petition, and has also been discussed above. There is no reason for reconsideration, and the Court's order adequately explains its reasons for rejecting this claim.

Perry cited *Wainwright* in support of his *Doyle* claim. *Wainwright* is inapplicable here, and the state courts did not disregard or misapply it. *Wainwright* stands for the proposition that a defendant's post-*Miranda* silence may not be introduced at trial. Perry's silence was not introduced at his criminal trial. His actual argument asks the Court to apply *Bushyhead*, whose holding is much closer to being apposite.

There was no discovery motion filed on or around May 21, 2014. It's possible Perry is thinking of his discovery request filed December 26, 2013. The Court denied that on January 10, 2014, explaining its reasons for doing so, and no reconsideration or additional explanation is warranted. In any case, discovery is not warranted, because the Court's review is limited to the record before the state courts. *See Cullen v. Pinholster*, ___ U.S. ____, 131 S.Ct. 1388 (2011).

The Rule 60 motion is therefore **DENIED**.

**Motion for Leave to Proceed *In Forma Pauperis* on Appeal**

The motion to proceed *in forma pauperis* on appeal fails to attach a prison trust account statement, and as such is defective. *See* Rule 3(a)(2) of Rules Governing § 2254 Cases in the United States District Courts.  But Perry was already granted leave to proceed *in forma pauperis*, and his *in forma pauperis* status has not been revoked, so his request is moot. *See* Fed. R. App. P. 24(a)(3); *Naddi v. Hill*, 106 F.3d 275, 276 (9th Cir. 1997). The motion is **DENIED**.

**IT IS SO ORDERED**.

DATED:  September 17, 2014

**HONORABLE LARRY ALAN BURNS**
United States District Judge